41 P.3d 234

**Duncan H. DAW, a minor child By and Through his father Spencer E. DAW, Petitioner–Appellant,**

v.

**SCHOOL DISTRICT 91 BOARD OF TRUSTEES, Respondent.**

No. 26992.

Supreme Court of Idaho, Idaho Falls, September 2001 Term.

Dec. 26, 2001.

Rehearing Denied Feb. 15, 2002.

Spencer A. Daw, Idaho Falls, appellant.

Hopkins, Roden, Crocket, Hansen & Hoopes, Idaho Falls, for respondent. Curtis R. Smith argued.

EISMANN, Justice.

Spencer Daw appeals the decision of the district court dismissing his petition seeking judicial review of a school board decision disciplining his son for an alleged violation of school rules regarding the bringing of a weapon onto school grounds. We affirm the district court's decision that because there is no statute providing for the judicial review of school board decisions, the district court did not have jurisdiction to entertain Daw's petition.

## I. FACTS AND PROCEDURAL HISTORY

Duncan Daw, a minor, was alleged to have brought a gun[1] onto school grounds during a choir concert at Taylorview Junior High School on March 15, 2000. On April 12, 2000, the School District 91 Board of Trustees (school board) held a hearing regarding the allegations. After considering information presented at the hearing, the school board found that Duncan had carried a weap-

on onto school property and had threatened to use it against another student. It then expelled him from school for a period of at least one year.[2]

On May 10, 2000, Spencer Daw, on behalf of his son, filed a petition for judicial review of the school board decision. The school board moved to dismiss the petition on the ground that there was no statute specifically providing for judicial review of the school board's decision. The district court agreed and dismissed Daw's petition, and he then filed this appeal.

## II. ISSUES ON APPEAL

1. Does Idaho Code § 1–705 grant appellant the right to appeal the decision of the school board to the district court?

2. Should the school board be awarded attorney fees on appeal?

## III. ANALYSIS

### A. Does Idaho Code § 1–705 grant appellant the right to appeal the decision of the school board to the district court?

Daw's petition for judicial review of the school board's decision is a request to appeal that decision to the district court. He concedes that the right to appeal is statutory. *Striebeck v. Employment Sec. Agency,* 83 Idaho 531, 366 P.2d 589 (1961); *Miller v. Gooding Highway Dist.,* 54 Idaho 154, 30 P.2d 1074 (1934). Article V, § 13, of the Constitution of the State of Idaho provides, with respect to the judicial department, that "the legislature shall provide a proper system of appeals." Daw also concedes that no statute expressly authorizes him to appeal the school board decision at issue here. Because a school district's board of trustees is not an agency under the Idaho Administrative Procedure Act, *Smith v. Meridian Joint School Dist. No. 2,* 128 Idaho 714, 918 P.2d 583 (1996), Daw had no right to seek judicial review under that Act.

---

1. At the school board hearing on the issue, Spencer Daw stated that the gun brought to school by his son was a BB pistol.

2. The school board later allowed Duncan to enroll in a different school within the district at the beginning of the 2000–2001 school year, so the expulsion actually imposed was for approximately the last month of the 1999–2000 school year.

Daw argues that the right to judicial review in this case is implied in Idaho Code § 1–705(3), which provides that the district court's appellate jurisdiction extends to "all cases assigned to magistrate's division of the district court; and to all other matters and cases wherein appeal is allowed by law." Equating the word "appeal" with "review," he argues that if a district court can review a decision of a school board, then Idaho Code § 1–705(3) permits that decision to be appealed to the district court. Because district courts have jurisdiction to review a school board's violations of the state and federal constitutions, it must therefore have jurisdiction to exercise appellate jurisdiction over those alleged violations.

There is obviously a distinction between a court reviewing an alleged constitutional violation in an appropriate lawsuit brought for that purpose and a court exercising appellate review of the same issue. For example, in *Bowler v. Board of Trustees of School District No. 392, Shoshone County,* 101 Idaho 537, 617 P.2d 841 (1980), a grade school teacher brought an action in the district court seeking reinstatement, back pay, interest, and attorney fees based upon his alleged termination in violation of his right to due process. Although this Court certainly recognized the jurisdiction of the district court to review any alleged violations of due process in that lawsuit, this Court carefully noted that the *Bowler* case did not involve an appellate review of the school board's decision.

At the outset, it is important to recognize what this case does not involve. It does not involve an appellate review of the type found in I.C. § 67–5215 (relating to appeals from administrative agencies). We are aware of no statute providing for judicial appellate review from decisions of the board of trustees of a school district, and none has been called to our attention by counsel for the parties. This case does not involve a claim for breach of contract, as did the case of *Robinson v. Joint School Dist. No. 150,* 100 Idaho 263, 596 P.2d 436 (1979). Appellant's claim is simply and solely that he was denied procedural due process of law.

*Bowler,* 101 Idaho at 540, 617 P.2d at 844.

■■■ Idaho Code § 1–705 does not grant appellate jurisdiction to district courts in matters other than appeals from the magistrate division. It simply provides that the appellate jurisdiction of district courts extends "to all other matters and cases where appeal is allowed by law." Because the right to appeal is statutory, an appeal from such other matters and cases is not "allowed by law" unless the legislature has enacted a statute permitting such appeal. The legislature has not enacted a statute permitting an appeal from the type of decision made by the school board in this case. Therefore, the district court did not have jurisdiction to hear the appeal filed by Daw.

## B. Should the school board be awarded attorney fees on appeal?

■■■ The school board seeks attorney fees on appeal pursuant to Idaho Code § 12–117(1), which provides:

Unless otherwise provided by statute, in any administrative or civil judicial proceeding involving as adverse parties a state agency, a city, a county or other taxing district and a person, the court shall award the prevailing party reasonable attorney's fees, witness fees and reasonable expenses, if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law.

The statute authorizes the awarding of attorney fees on appeal, *Rural Kootenai Org., Inc. v. Board of Commissioners,* 133 Idaho 833, 993 P.2d 596 (2000), and the school district is a taxing district within the meaning of the statute. *Rogers v. Gooding Public Joint School Dist. No. 231,* 135 Idaho 480, 20 P.3d 16 (2001).

The school board is the prevailing party on this appeal. In appealing the judgment of the district court, Daw acted without a reasonable basis in law or in fact. He concedes, "[I]t is well established any right to appeal (review) is statutory." His argument that Idaho Code § 1–705 implicitly grants a right to appeal in this case is simply not a reason-

able construction of the statute. Therefore, the school board is awarded attorney fees on appeal.

## IV. CONCLUSION

The appellate jurisdiction of the district courts is statutory. Because the legislature has not granted appellate jurisdiction to the district courts to review the type of decision made by the school board in this case, the district court did not have jurisdiction to hear Daw's appeal. The school board is awarded costs and attorney fees on appeal.

Chief Justice TROUT, and Justices SCHROEDER, WALTERS, and KIDWELL, CONCUR.