KIDWELL, J. Pro Tem,
concurring.
I concur in the Court’s decision on a substantially different analysis than articulated by the majority opinion. I would find, consistent with Hoffman v. Arave, 236 F.3d 523 (9th Cir.2001), ineffective assistance of counsel claims raised by petitioners represented by the same counsel at trial and during initial post-conviction proceedings cannot be “reasonably known” under I.C. § 19-2719(5) until the defendant had obtained new counsel. I would also find that I.C. § 19-2719 is an unconstitutional jurisdictional bar under the Idaho Constitution. Nevertheless, I would find that Stuart’s claims are time-barred, not by I.C. § 19-2719, but by the Uniform Post Conviction Procedure Act (UPCPA). I.C. § 19-4901 et seq.
Stuart’s Claims Are Barred Under The UPCPA
“[Idaho Code] § 19-2719 does not eliminate the applicability of the UPCPA to capital cases, but it supersedes the UPCPA to the extent that their provisions conflict.” McKinney v. State, 133 Idaho 695, 700, 992 P.2d 144, 149 (1999). Therefore, even if I.C. § 19-2719 is unconstitutional, the underlying applicability of the UPCPA is unchanged and would apply to Stuart’s ease. Stuart’s appeal was finalized in 1985. State v. Stuart (Stuart I), 110 Idaho 163, 165, 715 P.2d 833, 835 (1985). As the statute of limitations in 1985 was five years, Stuart’s ability to raise collateral attacks on his sentence would have run in 1990. 1979 Idaho Sess. Laws, ch. 133, § 1, p. 428 (amending the UPCPA to a five-year statute of limitations).
Recently, in Rhoades v. State, this Court suggested that claims of ineffective assistance of counsel would not qualify for equitable tolling under the UPCPA. 148 Idaho 247, 220 P.3d 1066; see also Charboneau v. State, 144 Idaho 900, 174 P.3d 870 (2007) (applying a two-step process for identifying equitable tolling under the UPCPA). Because, as discussed below, there are serious due process issues with regard to instances where the same counsel represented petitioners during trial, appeal and in post-conviction proceedings, I would apply I.C. § 19-2719’s “reasonably known” criterion to claims of ineffective assistance of counsel. The question under this analysis is both if and when Stuart’s claim of ineffective assistance of counsel might have reasonably been known. As the Court notes, Stuart was appointed substitute counsel in 1995. While failure to provide substitute counsel on direct appeal or during initial post-conviction proceedings rendered those claims not “reasonably known” such that they might have initially been equitably tolled, they would have become reasonably known upon appointment of *49 substitute counsel. Because substitute counsel was appointed in 1995, and Stuart’s ineffective assistance claims were only raised in this fourth petition for post-conviction relief in December 2002, those claims were not raised within a reasonable time after becoming reasonably known and are now barred.[6]
Stuart’s prosecutorial misconduct and disclosure claims would not qualify under the equitable tolling scheme described in Charboneau v. State, 144 Idaho 900, 174 P.3d 870 (2007), for all of the reasons cited by the Court. Stuart’s argument that the district court judge dismissed the case without holding an evidentiary hearing has no more application under the UPCPA than it does under the Court’s I.C. § 19-2719 analysis. It is still the burden of the party asserting equitable tolling to show that such tolling is warranted and to submit evidence tending to show that his claim was valid. I.C. § 19-4906; Charboneau, 144 Idaho at 905, 174 P.3d at 875 (describing the petitioner’s burden to show timeliness as equivalent to I.C. § 19-2719). Therefore I would concur.
Applying I.C. § 19-2719 to Ineffective Assistance Claims Poses Serious Due Process Issues Such that Ineffective Assistance Claims Should Qualify For Equitable Tolling Or the “Not Reasonably Known” Exception to I.C. § 19-2719
Since I would find Stuart’s claims to be barred, it could be argued that the constitutional issues of I.C. § 19-2719 could be ignored. “[T]he court will not pass upon questions of unconstitutionality until presented in a cause demanding rulings thereon.” Twin Falls Canal Co. v. Huff, 58 Idaho 587, 599, 76 P.2d 923, 928 (1938). However, as the majority reaches these questions, I feel compelled to address them as well.
“Procedural due process requires that a party be provided with an opportunity to be heard at a meaningful time and in a meaningful manner.” Paul v. Bd. of Prof'l Discipline of Idaho State Bd. of Med., 134 Idaho 838, 843, 11 P.3d 34, 39 (2000). Where a petitioner is represented by the same counsel at trial and in initial post-conviction proceedings, there is simply no way for a petitioner to raise claims of ineffective assistance. That is, there is no opportunity provided for these claims to be heard. In State v. Rhoades, 120 Idaho 795, 806, 820 P.2d 665, 676 (1991), we noted that a determination of whether a given provision offends due process is governed by the balancing test laid out by the U.S. Supreme Court in Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18, 33-34 (1976). Mathews laid out three factors: (1) the interest at stake; (2) the risk of erroneous deprivation of the interest and the probable value of additional or substitute safeguards; and (3) the government’s interest. Mathews, 424 U.S. at 335, 96 S.Ct. at 903. Rhoades stated that the Court’s focus was “the third prong of the Mathews v. Eldridge test[:] we must determine whether or not I.C. § 19-2719 provides an adequate process to prevent erroneous results and to ensure that death sentences are not carried out so as to arbitrarily deprive a defendant of his life.”[7] Rhoades, 120 Idaho at 806, 820 P.2d at 676. The Court ruled that the forty-two day period prescribed by I.C. § 19-2719 was not “unduly burdensome.” Id.
However, the Court’s ruling was made on general terms regarding the expedited post-conviction process and nowhere addressed the specific question of whether asking trial counsel representing petitioners during initial post-conviction proceedings frustrated ineffective assistance claims. This consider *50 ation, I would find, changes the Mathews calculus considerably. Here, the interest of allowing petitioners to vindicate their fifth and sixth amendment constitutional rights, in the face of a death sentence, is undoubtedly serious. The government’s interest in the finality of death sentences and their expeditious handling, while important, would not be significantly weakened by allowing those claims to be heard. I would therefore find that, as applied to ineffective assistance claims where the same counsel represents petitioners at trial and during initial post-conviction proceedings, requiring those claims to be brought within the forty-two day period following judgment would effectively stifle an individual’s right to have those claims heard and would violate procedural due process.
Notably, our legislature has recognized this fact. As Hoffman notes:
Effective August 8, 1995, the Idaho Legislature amended Idaho Code § 19-2719 to require an “Inquiry Into the Need For New Counsel.” The 1995 provision provides, in relevant part:
After the imposition of a sentence of death, the trial judge should advise the defendant that, upon a particularized showing that there is a reasonable basis to litigate a claim of ineffective assistance of trial counsel, new counsel may be appointed to represent the defendant to pursue such a claim in a post-conviction proceeding.
236 F.3d at 534 n. 15 (quoting I.C. § 19-2720).
Finally, though I reach this conclusion, in other circumstances, concerns of stare decisis would lead me to conclude that Rhoades should be affirmed in light of the significant reliance on I.C. § 19-2719’s statutory scheme by the legislature, prosecutors and petitioners. Scott v. Gossett, 66 Idaho 329, 335, 158 P.2d 804, 807 (1945) (“Decisions construing the Constitution should be followed, in the absence of cogent reasons to the contrary, as it is of the utmost importance that our organic law be of certain meaning and fixed in interpretation.”) (citation omitted). However, the Ninth Circuit’s decision in Hoffman suggests that this Court might reasonably reconsider this issue at this point. We have never before addressed Hoffman and the fact that Hoffman squarely presents the issue raised here indicates that reconsideration is in order. Smith v. State, 93 Idaho 795, 801, 473 P.2d 937, 943 (1970) superseded by statute (“The court in the proper performance of its judicial function is required to examine its prior precedents.”). My conviction that this is an appropriate point to reconsider this question is emphasized by the fact that our decision in the 1991 Rhoades case was couched in general terms such that the Court was simply not considering this particular question.
Based on these considerations, I would find that, as applied to cases where a petitioner was represented by the same counsel at trial and during initial post-conviction proceedings, I.C. § 19-2719 would offend due process although, because Stuart has already had the opportunity to raise these claims after the appointment of Mr. Chapman, I would concur that Stuart’s claims are time-barred.
Idaho Code § 19-2719 Is Jurisdictional And Therefore Unconstitutional
I acknowledge that I.C. § 19-2719 has faced various constitutional challenges in the past and that it has survived these challenges. Hairston v. State, 144 Idaho 51, 56-57, 156 P.3d 552, 558-59 (2007); Lankford v. State, 127 Idaho 100, 102, 897 P.2d 991, 993 (1995); State v. Card, 121 Idaho 425, 430-31, 825 P.2d 1081, 1086-87 (1991); State v. Rhoades, 121 Idaho 63, 72, 822 P.2d 960, 969 (1991); Rhoades, 120 Idaho at 806, 820 P.2d at 676; State v. Paz, 118 Idaho 542, 559, 798 P.2d 1, 18 (1990); State v. Fetterly, 115 Idaho 231, 235-36, 766 P.2d 701, 705-06 (1988); State v. Beam, 115 Idaho 208, 211-13, 766 P.2d 678, 681-83 (1988). In this context, again, concerns of stare decisis give me pause before finding that I.C. § 19-2719 is, in fact, unconstitutional. Nevertheless, based on Stuart’s argument that I.C. § 19-2719 violates the separation of powers provisions of the Idaho constitution, I would find that the statute is unconstitutional based upon the following discussion.
*51 While challenges based on retroactivity and ex post facto application were presented in Paradis v. State, 128 Idaho 223, 227, 912 P.2d 110, 114 (1996), neither of the relevant provisions of the state constitution governing separation of powers, namely article V, section 13 and article V, section 20, are cited in any of our previous I.C. § 19-2719 jurisprudence. “It is an accepted rule of statutory construction that constitutional issues should be avoided, but when this Court is squarely presented with a constitutional issue, as in this proceeding, it must rule on the issue.” Thompson v. Hagan, 96 Idaho 19, 24, 523 P.2d 1365, 1370 (1974).
The plain language of I.C. § 19-2719 is jurisdictional. Subsection 5 of the statute reads in relevant part that “[t]he courts of Idaho shall have no power to consider any such claims for relief as have been so waived or grant any such relief.” ‘When construing a statute, the words used must be given their plain, usual, and ordinary meaning, and the statute must be construed as a whole.” Athay v. Stacey, 142 Idaho 360, 365, 128 P.3d 897, 902 (2005) (citation omitted). A court’s jurisdiction is its power to take particular actions. “ ‘Jurisdiction over the subject matter’ has been ... defined as referring to ... the power of a court to hear and determine cases of the general class to which the particular one belongs .... ” State v. Rogers, 140 Idaho 223, 227, 91 P.3d 1127, 1131 (2004) (quoting 20 Am.Jur.2d Courts § 70 (1995)).
As I.C. § 19-2719(5) is jurisdictional in nature, it violates both Idaho Const. art. V, §§ 13 and 20.[8] Article V, Section 13 reads:
The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government; but the legislature shall provide a proper system of appeals, and regulate by law, when necessary, the methods of proceeding in the exercise of their powers of all the courts below the Supreme Court, so far as the same may be done without conflict with this Constitution____
Article V, Section 20 reads: “The district court shall have original jurisdiction in all cases, both at law and in equity, and such appellate jurisdiction as may be conferred by law.” We have stated that “[t]he word ‘jurisdiction’ refers to the subject-matter jurisdiction of the district courts.” State v. Jakoski, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003). While the district court made its ruling based on our decision in Kirkland v. Blaine County Medical Center, that decision specifically distinguished statutes such as this that “purport[ ] to limit the exercise of the judiciary’s constitutional powers or jurisdiction.” 134 Idaho 464, 471, 4 P.3d 1115, 1122 (2000) (emphasis added).
Idaho Code Section 19-2719(5)’s language does not admit the possibility of reading it as a statute of limitations. Statutes of limitations are optional rather than mandatory and may be waived. According to the language of I.C. § 19-2719, there is no waiver possible.
Raising a statute of limitations as bar to a remedy does not deprive a court of jurisdiction to hear the cause in the first instance; the court could not adjudicate the question of the proper application of the statute if it did not have subject matter jurisdiction.
51 Am. Jur. 2d Limitation of Actions § 21 (2009). But the language of I.C. § 19-2719 states that the courts of Idaho have no power to consider any claims, rendering that language jurisdictional. It is likewise notable that this language regarding the power of the courts, exists nowhere else in the Idaho Code. The legislature is keenly aware of how to enact statutes of limitations (indeed, how to enact statutes of limitations in post-conviction relief contexts) and yet only in I.C. § 19-2719 does the phrase “[t]he courts of Idaho shall have no power to consider any *52 such claims for relief as have been so waived or grant any such relief’ occur. Ultimately, I.C. § 19-2719 is an attack on the general jurisdiction of Idaho courts. The Idaho Constitution will not permit this.
The conclusion that I.C. § 19-2719 is a jurisdictional statute is supported by an array of decisions. Hairston, 144 Idaho at 59, 156 P.3d at 560 (“The Court’s jurisdiction in this case is governed by I.C. § 19-2719, not Rule 35. Hairston may not avoid the jurisdictional limitations of I.C. § 19-2719 by filing a Rule 35 motion.”); Creech v. State, 137 Idaho 573, 575, 51 P.3d 387, 389 (2002) (“[T]his Court only has jurisdiction to review the allegations in Creech’s successive petition to determine whether his claims were known or reasonably could have been known within statutory time limits set by Idaho Code § 19-2719 and are, therefore, barred.”); Lankford v. State, 127 Idaho at 101, 897 P.2d at 992 (describing “the jurisdictional bar of I.C. § 19-2719”).
While the majority cites to Stuart v. State (Stuart II), 118 Idaho 865, 873, 801 P.2d 1216, 1224 (1990) and Sivak v. State, 134 Idaho 641, 650, 8 P.3d 636, 645 (2000), I remain unconvinced that either of these cases are sufficient to overcome the plain language of the statute combined with the series of cases in which this Court has ruled that I.C. § 19-2719 is a jurisdictional statute. The ruling in Sivak, Justice Trout’s dissent notwithstanding, can easily be read as one raising the question as to whether the particular withheld evidence constituted a new claim, such that there would not even be a question with regard to the “reasonably known” inquiry as opposed to what the Court saw as a secondary question, i.e. whether a claim was reasonably known. Sivak, 134 Idaho at 646-49, 8 P.3d at 641-44 (2000). As for Stuart II (and, indeed, Stuart v. State (Stuart III), 118 Idaho 932, 801 P.2d 1283 (1990)) (also brought under the UPCPA framework), it is not without precedent that the courts of Idaho have found jurisdiction where, belatedly, they realized they had none. See, e.g. Daw ex rel. Daw v. School Dist. 91 Bd. of Trustees, 136 Idaho 806, 808, 41 P.3d 234, 236 (2001); Kleiner v. Kleiner, 130 Idaho 930, 930, 950 P.2d 1269, 1269 (1998); Van Tine v. Idaho State Ins. Fund, 126 Idaho 688, 689, 889 P.2d 717, 718 (1994). Further, this court’s decisions have usually phrased it’s powers in terms that it “may” review jurisdiction sua sponte. See, e.g., Erickson v. Idaho Bd. of Registration of Professional Engineers and Professional Land Surveyors, 146 Idaho 852, 854, 203 P.3d 1251, 1253 (2009); Johnson v. Blaine County, 146 Idaho 916, 924, 204 P.3d 1127, 1135 (2009); In re Quesnell Dairy, 143 Idaho 691, 693, 152 P.3d 562, 564 (2007). Therefore, a closer reading of Stuart II and Stuart III is that the Court simply failed to address the applicability of I.C. § 19-2719 rather than making an oblique statement regarding the nature of that statute.
Determining I.C. § 19-2719 to be unconstitutional on separation of powers grounds implicates this court’s statement of the “presumption in favor of the constitutionality of the challenged statute or regulation, and the burden of establishing that the statute or regulation is unconstitutional rests upon the challengers. An appellate court is obligated to seek an interpretation of a statute that upholds it constitutionality.” Am. Falls Reservoir Dist. No. 2 v. Idaho Dep’t of Water Res., 143 Idaho 862, 869, 154 P.3d 433, 440 (2007) (internal citations omitted). When confronted with the plain language of the statute, combined with a series of decisions by this Court which state that I.C. § 19-2719 is jurisdictional, reading the statute as a statute of limitations is no longer “seeking an interpretation” of the statute but rewriting it.
Therefore, while I agree with the Court’s conclusion that Stuart’s claims are time-barred, I cannot agree with its reasoning. I concur.

. This issue was briefly raised and rejected in Rhoades. 148 Idaho at 253, 220 P.3d at 1072. No significant argument was made regarding the due process implications and we had no reason to reconsider our previous holdings with regard to ineffective assistance of counsel in these cases. “A party waives an issue cited on appeal if either authority or argument is lacking....” State v. Zichko, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

. The Court stated that according to the first prong of Mathews inquiry "the defendant’s interest is in being afforded an adequate opportunity to present legal and factual issues in his defense.” Rhoades, 120 Idaho at 806, 820 P.2d at 676. I would note that the real concern is in being afforded an adequate opportunity to present legal and factual issues in his defense to avoid being put to death, thus implicating the single most serious act that the government can take against an individual.

. It seems well established that the legislature may regulate personal jurisdiction in Idaho’s courts. See e.g. Doggett v. Elecs. Corp. of Am., Combustion Control Div., 93 Idaho 26, 30, 454 P.2d 63, 67 (1969) (discussing Idaho’s longarm statute). However, I.C. § 19-2719 cannot be read as governing personal jurisdiction. Persons facing a death sentence in Idaho are permitted to file suits complaining of their conditions of confinement or to sue private parties or to bring other actions in the courts of Idaho. Rather, it is the subject matter — any claim that reasonably should be known within 42 days of judgment in post-conviction relief — that is confined by I.C. § 19-2719.