# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 36298/36840

| | |
|---|---|
| ZINGIBER INVESTMENT, LLC, an Idaho limited liability company, | ) ) ) |
| Plaintiff-Appellant, | ) ) Boise, December 2010 Term |
| v. | ) ) 2011 Opinion No. 44 |
| HAGERMAN HIGHWAY DISTRICT, | ) ) Filed: March 22, 2011 |
| Defendant-Respondent, | ) ) Stephen W. Kenyon, Clerk |
| and | ) ) |
| LYNN BABINGTON and KATHY BABINGTON, husband and wife; and CLIFTON E. JENSEN and SUZANNE K. JENSEN, husband and wife, dba LYNCLIF FARMS, LLC, an Idaho limited liability company, | ) ) ) ) ) ) |
| Intervenors-Respondents. | ) ) ) |

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Gooding County. Hon. John M. Melanson and R. Barry Wood, District Judges.

The judgments of the district courts in cases Nos. CV 2008-57 and CV 2008-125 are affirmed. The grant of attorney fees in CV 2008-57 is affirmed and the denial of attorney fees in CV 2008-125 is affirmed. Attorney fees and costs on appeal are awarded to Respondents LynClif and Hagerman Highway District.

Moffatt, Thomas, Barrett, Rock & Fields, Chtd., Boise, for Appellants William G. Van Horn and Zingiber Investment, LLC. Andrew J. Waldera argued.

Sherer & Wynkoop, LLP, Meridian, for Respondent Hagerman Highway District. David E. Wynkoop argued.

Robertson & Slette, PLLC, Twin Falls, for Intervenors/Respondents Lynn J. Babington, Kathy L. Babington, Clifton E. Jensen, Suzanne Jensen and LynClif Farms, LLC. Gary D. Slette argued.

---

1

W. JONES, Justice

## I. NATURE OF THE CASE

This case revolves around the respective rights of LynClif Farms, LLC ("LynClif") and Zingiber Investment, LLC ("Zingiber") in regard to the Padgett Ditch, which crosses both of their properties. LynClif constructed a pipe along the Justice Grade right-of-way, which is located adjacent to Zingiber's land and is under the jurisdiction of the Hagerman Highway District (the "District"). In a consolidated appeal, Zingiber challenges two separate judgments entered against it. First, Zingiber argues that the district court erred in determining that LynClif had the unilateral right to pipe the portion of the ditch that had been on Zingiber's property in Case No. CV-2008-125. Zingiber contends that I.C. § 42-1207 did not give LynClif that authority, and that its water rights and separate ditch rights have not been protected. Second, Zingiber argues that the district court erred in determining that it lacked standing to bring a declaratory action against the District to void the District's issuance of a permit to LynClif in order to construct a pipe in the Justice Grade right-of-way in Case No. CV-2008-57.

## II. FACTUAL AND PROCEDURAL BACKGROUND

William Van Horn is the owner and manager of Zingiber. LynClif and Zingiber own adjacent parcels of land along Highway 30 in Gooding County. The Padgett Ditch is a manmade ditch that crosses both LynClif's and Zingiber's properties carrying water diverted from Billingsley Creek. LynClif's property is located downstream along Padgett Ditch from Zingiber's property. A public roadway known as the Justice Grade is situated adjacent to Zingiber's property and is under the jurisdiction of the District. LynClif owns 97% of the water rights in the Padgett Ditch. LynClif's water rights include a 10 cfs aquaculture right for rearing fish. Zingiber's water right includes .3 cfs for irrigation and .02 cfs for stockwatering. Zingiber does not hold any water right for aesthetic or wildlife purposes. Kirt Martin, who is not a party to this action, is the only water user downstream from LynClif on Padgett Ditch, and holds a .04 cfs water right.

Zingiber purchased its property in June 2006. Almost immediately thereafter, without LynClif's written permission, Van Horn relocated the portion of Padgett Ditch that flowed on his land to meander around the property. Van Horn's goals were to create a more aesthetic environment, make irrigation easier, and create a fly fishing habitat in the ditch. Van Horn more than doubled the length of the ditch, but at the same time narrowed its width, and also installed a

2

fish screen at the downstream border of his property, apparently to keep fish from leaving his property. Zingiber alleges that even after relocation of the ditch, the ditch still delivered the full quantity and quality of LynClif's water to the upstream edge of LynClif's property.

LynClif feared the relocation of the ditch and installation of the fish screen would disrupt its downstream fish rearing facility by diminishing water flow and contaminating the water, and therefore applied to the District for a permit to construct a pipe to deliver its water that flowed through Zingiber's property. LynClif stated in its brief that its original plan was to pipe the ditch across Zingiber's property in the location of the ditch as it was in 2006, but it decided that avoiding Zingiber's property altogether would be in LynClif's best interest. LynClif secured the permission of Kirt Martin, the only other downstream user, to pipe the ditch on the Justice Grade. The District granted LynClif a permit to construct the pipeline in the Justice Grade right-of-way located adjacent to Zingiber's property. The pipe conveyed the flow of LynClif's appropriated water around Zingiber's property and delivered it to LynClif's property. Zingiber's .32 cfs water right was still delivered to the upstream edge of its property.[1] The pipe also conveys Kirt Martin's .04 cfs water right to the Padgett Ditch.

After the District issued the permit, Zingiber filed a declaratory action against the District in Case No. CV 2008-57, alleging that the District did not have the authority to grant the permit to Zingiber and seeking that the permit be declared void. Judge Melanson of the district court granted summary judgment to the District, holding that Zingiber did not have standing to challenge the District's actions. Zingiber timely appealed from the Final Judgments entered in that case.[2]

LynClif subsequently brought a declaratory action in Case No. CV 2008-125 against Zingiber seeking a declaration that it had the unilateral right to pipe the portion of Padgett Ditch located on Zingiber's property either in the original location of the ditch on the property prior to

---

[1] Pursuant to both the court's Order for Summary Judgment re: Carriage Water and the Final Judgment of the district court in Case CV 2008-125, LynClif is obligated to supply Zingiber with the water to which it is entitled at the upstream edge of his property, and is also obligated to provide a water control device at that point to ensure Zingiber receives the correct quantity of water at the correct season.

[2] Judgment was entered on November 19, 2008. Zingiber filed a Motion to Alter or Amend the Judgment on December 3, 2008, arguing that he did meet the requirements for standing. The district court denied this motion on February 4, 2009, confirming the holding on the motion for summary judgment that Zingiber could not show that LynClif caused Zingiber a legally cognizable injury. Final Judgment regarding the District was entered on March 2, 2009, and the District was awarded costs and attorney fees. Final Judgment regarding LynClif as an Intervenor was entered on the same day, and LynClif was awarded costs and attorney fees.

2006 or in the District's public right-of-way. The parties filed cross-motions for summary judgment. Judge Wood granted LynClif's motion, holding that it had the unilateral right to pipe the ditch in either location pursuant to I.C. § 42-1207.[3] LynClif constructed the pipe in the Justice Grade right-of-way pursuant to the District's permit. In order to ensure the piping did not injure Zingiber's water rights, the district court subsequently adopted a proposal by LynClif to deliver Zingiber's full water right to a concrete structure located at the point where the Padgett Ditch enters Zingiber's property. A Final Judgment was entered on July 13, 2009, holding that (1) LynClif had the right to pipe the ditch under the location of the ditch prior to 2006 or in the Justice Grade right-of-way pursuant to the permit issued by the District; (2) LynClif bears the responsibility of conveying Zingiber's water right to the concrete structure; and (3) LynClif is obligated to provide a measurement device at the concrete structure to ensure the delivery of Zingiber's full water right. Zingiber appealed that judgment.

Zingiber argues that the loss of the flow of the ditch across its property will injure its ability to irrigate and will also injure its wildlife and aesthetic interests. Zingiber argues that the district court erred in determining that LynClif had the unilateral right to pipe the portion of the ditch running across Zingiber's property through an off-premises right-of-way in Case CV 2008-125. Zingiber further argues that the district court erred in determining that it did not have standing against the District in Case CV 2008-57.

### III. ISSUES ON APPEAL

1.  Whether the district court erred in determining that I.C. § 42-1207 gave LynClif the unilateral right to pipe the portion of the Padgett Ditch running across Zingiber's property in either the 2006 location of the ditch or along the Justice Grade right-of-way.

---

[3] This was the ruling on Count I. Count II of LynClif's complaint sought a declaration from the court that previously appropriated water, running through the Padgett Ditch, is not subject to further appropriation, and that therefore under Idaho law, Zingiber could not be granted a permit for a 10 cfs flow water right for aesthetic and recreational appropriation. In the Order granting summary judgment on Count I, which declared that LynClif had the unilateral right to pipe the ditch, the court deferred judgment on Count II. LynClif and Zingiber subsequently agreed to dismiss Count II, and thus a final appealable judgment was only entered for Count I. Zingiber subsequently filed a Motion for Reconsideration which was converted into a Motion to Alter or Amend. The court maintained its earlier order, holding that LynClif had the right to bury the pipe, and clarifying that the location of the ditch was its location as it existed prior to 2006 and not the location after Zingiber moved it. The district court also stated that an evidentiary hearing should be held "to determine the carriage amount of water each party is responsible to contribute for Van Horn's irrigation water right." After Van Horn stated that he had no intention to restore the ditch to its 2006 location, LynClif filed another Motion for Summary Judgment on the issue of carriage water. Judge Wood held that LynClif had the responsibility to deliver Zingiber's full water right to the concrete structure at the upstream edge of Zingiber's property. The Final Judgment of the court maintained that LynClif had the right to pipe the ditch in either the original location or in the Justice Grade right-of-way and that LynClif held the responsibility to convey Zingiber's full water right to a concrete structure at the upstream edge of his property.

4

2.     Whether the district court erred in providing that Zingiber's full water right was to be delivered to a concrete structure at the upstream edge of Zingiber's property where the Padgett Ditch enters it.

3.     Whether the district court erred in determining that Zingiber lacked standing to challenge the District's issuance of the construction permit, or whether that issue is now moot.

4.     Whether attorney fees were properly awarded to LynClif and the District in Case CV 2008-57 below, were properly denied to LynClif in Case CV 2008-125 below, and should be awarded to any party on appeal.

## IV. STANDARD OF REVIEW

The standard of review on appeal from a summary judgment is the same standard used by the district court in rendering its decision. *Sorenson v. Saint Alphonsus Reg'l Med. Ctr., Inc.*, 141 Idaho 754, 758, 118 P.3d 86, 90 (2005). Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). "If the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review." *Watson v. Weick*, 141 Idaho 500, 504, 112 P.3d 788, 792 (2005). Summary judgment is a proper procedural method for dismissing a claim based on a lack of standing. *Thompson v. City of Lewiston*, 137 Idaho 473, 476, 50 P.3d 488, 491 (2002). This Court freely reviews questions of law. *Barmore v. Perrone*, 145 Idaho 340, 343, 179 P.3d 303, 306 (2008). Further, "[t]he interpretation of a statute is a question of law over which this Court exercises free review." *Doe v. Boy Scouts of Am.*, 148 Idaho 427, 430, 224 P.3d 494, 497 (2009).

## V. ANALYSIS

**A.     The District Court Correctly Determined that I.C. § 42-1207 Gave LynClif the Unilateral Right as a Ditch Owner to Pipe the Ditch Located on Zingiber's Servient Estate.**

Zingiber argues that the district court erred when it interpreted I.C. § 42-1207 to allow LynClif to unilaterally pipe the portion of the Padgett Ditch that flows through Zingiber's property, because "both LynClif and Zingiber are equally-footed 'landowners' and 'ditch owners.'" In Idaho, ditch rights and water rights are separate and independent from one another. *Savage Lateral Ditch Water Users Assoc. v. Pulley*, 125 Idaho 237, 242, 869 P.2d 554, 559 (1993); *Simonson v. Moon*, 72 Idaho 39, 47, 237 P.2d 93, 98 (1951). Here, it is undisputed that both Zingiber and LynClif owned water rights that were diverted from Billingsley Creek into Padgett Ditch. It is also not disputed that once LynClif piped the ditch, Zingiber's .32 cfs of

5

water would continue to be delivered to the upstream edge of its property. The district court ensured this in its Final Judgment, holding that LynClif had the responsibility to deliver Zingiber's .32 cfs to a concrete structure located at the point where Padgett Ditch enters Zingiber's property. The Snake River Basin Adjudication (SRBA) of Zingiber's Water Right 36-10283B states that the water is to be delivered "at a point of measurement where the delivery ditch enters the place of use described below [describing Zingiber's property]."

1. *Zingiber does not hold ditch rights in the portion of Padgett Ditch that crosses its property because it is simply the owner of the servient estate.*

Zingiber contends that it holds independent ditch rights in the portion of the Padgett Ditch that runs over its land, and that these rights have been violated by the piping of the ditch around its land. However, Zingiber was not the owner of that portion of the ditch, but was simply the owner of the servient estate. Therefore, Zingiber does not have independent rights in the ditch under I.C. § 42-1207.

An irrigation ditch right, unlike a water right, acts like an easement in land. I.C. § 42-1102 ("The existence of a visible ditch, canal or conduit shall constitute notice to the owner, or any subsequent purchaser, of the underlying servient estate, that the owner of the ditch, canal or conduit *has the right-of-way*." (emphasis added)); *Olson v. H & B Props., Inc.*, 882 P.2d 536, 539 (N.M. 1994) ("Water rights are derived from appropriation for beneficial use, while ditch rights are derived from ownership of the ditch and an *easement* in it." (emphasis added)). The dominant estate downstream is benefited by the water that runs through the servient estate upstream. The "owner" of the ditch is therefore the dominant-estate owner. "Although the person who has an easement for a ditch across the land of another does not thereby gain legal title to any portion of that land, *Reynolds Irrig. Dist. v. Sproat*, 69 Idaho 315, 206 P.2d 774 (1948), the owner of such an easement is often called the 'owner' of the ditch." *Camp v. E. Fork Ditch Co., Ltd.*, 137 Idaho 850, 857, 55 P.3d 304, 311 (2002). Thus, Zingiber did not have any independent ditch rights in the portion of the ditch running over its land because "an easement is defined as a right in the lands of another, and therefore one cannot have an easement in his own lands." *Gardner v. Fliegel*, 92 Idaho 767, 771, 450 P.2d 990, 994 (1969).

The owner of the servient estate does not have any right in the easement that crosses his land, because a servient estate simply permits another's use of its land. 25 Am. Jur. 2d *Easements and Licenses* § 1 (2004) ("The creation of an easement thus gives rise to two distinct property interests: a 'dominant estate,' that has right to use land of another, and a 'servient

estate,' that permits the exercise of that use."). Here, LynClif as the downstream estate was the ditch owner in regard to the portion of the ditch that runs through Zingiber's property, the servient estate. A dominant estate owner may not increase the burden on the servient estate by increasing the size of the ditch or moving the ditch within the servient estate's property. *Linford v. G.H. Hall & Son*, 78 Idaho 49, 55, 297 P.2d 893, 896 (1956) ("As the right to the ditch or other artificial watercourse is an easement, no change can be made against the landowner over whose land the ditch passes that is burdensome to the servient tenement, or that changes the character of the servitude; such as moving a ditch to a new place, or enlarging it." (quoting Samuel Charles Wiel, *Water Rights* 539 (3d ed. 1911). However, as the holder of the ditch right, the dominant estate owner may make changes to the easement so long as they do not increase the burden on the servient land, even if those changes remove an incidental benefit to the servient estate holder. *See Abbott v. Nampa School Dist. No. 131*, 119 Idaho 544, 549, 808 P.2d 1289, 1294 (1991); *Big Cottonwood Tanner Ditch Co. v. Moyle*, 174 P.2d 148, 152 (Utah 1946); *see also* L. S. Tellier, Annotation, *Right of owner of easement to alter its use in such a way as to deprive servient estate of an incidental benefit*, 172 A.L.R. 193 (2009). Thus, Zingiber did not have the right to the continued benefit of the flow of the ditch across its property, and LynClif had the right as the dominant-estate holder to move the ditch off the property, because doing so did not increase the burden on the servient estate.[4]

2. *Idaho Code § 42-1207 permits the owner of the ditch to unilaterally pipe the ditch.*

Zingiber argues that it is both a ditch owner and a landowner under I.C. § 42-1207. "Where a statute is unambiguous, statutory construction is unnecessary and courts are free to apply the plain meaning." *Hayden Lake Fire Prot. Dist. v. Alcorn*, 141 Idaho 307, 312, 109 P.3d 161, 166 (2005). Ambiguity exists where reasonable minds might differ as to interpretations of the statute. *State v. Doe*, 140 Idaho 271, 274, 92 P.3d 521, 524 (2004). While the district court found that the language of "ditch owner" and "landowner" in the statute was ambiguous, this Court holds that given the nature of a ditch right, the language of the statute is clear. Because a ditch right acts as an easement, the "ditch owner" the statute refers to is the owner of the dominant estate, and the "landowner" the statute refers to is the owner of the servient estate. *See also* Act of March 22, 1994, ch. 151, 1994 Idaho Sess. Laws 345, 345 (1994) (stating the

---

[4] It is noted that Kirt Martin, as a downstream estate owner, had rights as a ditch owner under I.C. § 42-1207 as well. However, because he consented to LynClif's actions, those rights were not violated here.

purpose of I.C. § 42-1207 is "to allow a ditch owner to bury his ditch on the property of a landowner servient estate to such ditch easement so long as the construction is at standard specifications"). With this clarification in mind, the language of the statute is clear.

The relevant portions of I.C. § 42-1207 state:

> Where any ditch, canal, lateral or drain or buried irrigation conduit has heretofore been, or may hereafter be, constructed across or beneath the lands of another, the person or persons owning or controlling said land shall have the right at their own expense to change said ditch, canal, lateral or drain or buried irrigation conduit to any other part of said land, but such change must be made in such a manner as not to impede the flow of the water therein, or to otherwise injure any person or persons using or interested in such ditch, canal, lateral or drain or buried irrigation conduit. Any increased operation and maintenance shall be the responsibility of the landowner who makes the change.
>
> . . . .
>
> The written permission of the owner of a ditch, canal, lateral, drain or buried irrigation conduit must first be obtained before it is changed or placed in a buried pipe by the landowner.
>
> While the *owner of a ditch*, canal, lateral, drain or buried irrigation conduit shall have no right to *relocate* it on the property of another without permission, a ditch, canal, lateral or drain owner *shall have the right to place it in a buried conduit within the easement or right-of-way on the property of another* in accordance with standard specifications for pipe, materials, installation and backfill, as set forth in the Idaho standards for public works construction or other standards recognized by the city or county in which the burying is to be done, and so long as the pipe and the construction is accomplished in a manner that the surface of the owner's property and the owner's use thereof is not disrupted and is restored to the condition of adjacent property as expeditiously as possible, but no longer than thirty (30) days after the completion of construction.

I.C. § 42-1207 (emphases added). The first paragraph above gives a servient-estate owner the right to move the ditch on his own property so long as it does not injure any of the ditch users. *See Abbott*, 119 Idaho at 547, 808 P.2d at 1292 ("In Idaho easements for irrigation laterals are also subject to the servient estate owner's right to move the lateral at his own expense. Idaho Code § 42-1207 allows such a change when it does not impede the flow of water or injure any person using the lateral ditch."). Thus, it would only apply if *Zingiber* was to move the ditch, and it does not apply to Zingiber's objections to LynClif moving or piping the ditch.[5]

Zingiber argues that I.C. § 42-1207 required LynClif to obtain Zingiber's written permission before burying the pipe, and cites the second and third paragraphs above to support

---

[5] This section could have applied to Zingiber's relocation of the ditch in 2006, but LynClif did not challenge that action.

this contention. The second paragraph above does not apply in this case to require Zingiber's permission, because it is clear from its language that it only applies when the landowner, which here is Zingiber, changes the location of the ditch or buries it. Even if it did apply, it only requires the permission of the ditch owner, which here is LynClif.

The third quoted paragraph above similarly does not require Zingiber's written permission in order for LynClif to pipe the ditch. As the dominant estate owner and thus the ditch owner under the statute, LynClif was only required to obtain the written permission of Zingiber if it buried the pipe on Zingiber's land in a location different than where the easement was. I.C. § 42-1207 ("[T]he owner of a ditch . . . shall have no right to relocate it on the property of another."). This is in complete accordance with the law of easements and the nature of a ditch right, under which a dominant estate owner may not unreasonably increase the burden of the easement on the servient estate by moving the ditch to another location on the servient estate. *Linford,* 78 Idaho at 55, 297 P.2d at 896. Idaho Code § 42-1207 grants a ditch owner the express right to pipe the ditch under the existing ditch easement or right-of-way. It also implicitly grants the ditch owner the right to pipe the ditch in a location off of the servient land without the servient landowner's permission, because the statute states that written permission is only required if the ditch is relocated *on the servient land*. Further, piping the ditch in a location outside the servient land and thus removing an incidental benefit along with it is well within the rights of a dominant-estate holder. *See Abbott*, 119 Idaho at 549, 808 P.2d at 1294 (1991); *see also* Tellier, *supra*. Thus, this Court holds the district court correctly found that under I.C. § 42-1207, LynClif had the unilateral right to bury the ditch in the right-of-way or on the adjacent Justice Grade right-of-way.

Zingiber argues that the location of the ditch easement was the location of the ditch after it moved it in 2006, and thus the district court erred in determining that LynClif had the right to pipe the ditch under its original location prior to 2006. Zingiber cites I.C. § 42-1102 for the proposition that the visible location of the ditch serves as the location of the easement. However, this statute supports the decision of the district court that the location of the easement was its visible location prior to 2006, before Zingiber moved the ditch. The statute states: "The existence of a visible ditch, canal or conduit shall constitute notice to the owner, or any subsequent purchaser, of the underlying servient estate, that the owner of the ditch, canal or conduit has the right-of-way and incidental rights confirmed or granted by this section." I.C. §

9

42-1207. Thus, the visible location of the ditch in 2006, when Zingiber purchased the property, served as notice to Zingiber, the servient estate owner, that LynClif had a right-of-way in that location. The location of the easement did not change just because Zingiber chose to reroute the ditch over its property after purchasing it, because it was already located, and Zingiber had notice of that location. *See, e.g.*, *Youngstown Steel Prods. Co. v. City of Los Angeles*, 240 P.2d 977, 979 (Cal. 1952) (en banc) ("Once the location of an easement has been finally established . . . it cannot be substantially changed without the consent of both parties."); *see also* Note, *The Right of Owners of Servient Estates to Relocate Easements Unilaterally*, 109 Harv. L. Rev. 1693, 1694–95 (1996) (stating that the majority of jurisdictions hold that once an easement has been located, neither the owner of the dominant estate nor the owner of the servient estate may unilaterally relocate it). Thus the district court did not err in determining that LynClif had the right to pipe the ditch under the ditch's location prior to 2006.

In conclusion, this Court affirms the district court's determination that LynClif had the right under I.C. § 42-1207 to pipe the ditch either in the location of the ditch prior to 2006, or off of Zingiber's servient estate, on the Justice Grade right-of-way.

**B.    The District Court Protected Zingiber's Water Rights by Providing That Zingiber's Full Water Right Be Delivered to the Concrete Structure Where the Padgett Ditch Enters Zingiber's Property.**

Zingiber argues that its water rights were not protected by the district court because Zingiber contends it has the right to use some of LynClif's water as "carriage water" to carry its irrigation water right through the ditch to a point across its property, rather than just to the upstream edge. Under I.C. § 42-110, Zingiber's irrigation right entitles Zingiber "to such quantity measured at the point of diversion." Contrary to Zingiber's assertions, Judge Wood did take Zingiber's water rights into consideration and fully protected them in his Final Judgment. Once Zingiber made clear that it had no intention to restore the ditch to its original location prior to 2006, the district court adopted a proposal by LynClif to deliver Zingiber's full water right to a concrete structure located where the Padgett Ditch enters Zingiber's property. The district court already held that Zingiber's stockwater right required the water to be delivered to this location pursuant to the SRBA Adjudication. The only issue left was whether the irrigation right should be delivered to that same location or to somewhere else on Zingiber's land. The location referred to in the SRBA Adjudication was the upstream edge of the property. Further, the SRBA Adjudication does not include any carriage or conveyance right as the district court noted in its

August 12, 2008 Order on Motion for Summary Judgment. Judge Wood pointed out that Zingiber's irrigation right would presumably be measured at the point of diversion on Billingsley Creek, and further provided that the full water right should be delivered to a concrete structure at the edge of Zingiber's property so that Zingiber's water rights would be protected. That location is where the evidence indicated the water had been historically taken out of the ditch and dispersed around the farm by gravity irrigation, as was supported by the affidavits of two experts, Idaho Department of Water Resources Agents Steve Clelland and Helen Thorton.

A subsequent order entered by the district court on May 4, 2009, held that in regard to the carriage water issue, "LynClif shall bear the responsibility of providing carriage water of Van Horn/Zingiber's Water Right No. 36-10283B from the point of diversion of the Padgett Ditch on Billingsley Creek to the concrete structure located on the north side of Justice Grade Road at the point where Padgett Ditch enters the Van Horn/Zingiber property." The Final Judgment of the court similarly provided that LynClif was responsible for delivering Zingiber's full water right from Billingsley Creek to the concrete structure. Inherent in the Final Judgment appealed to this Court was the determination that the historical point of delivery of the irrigation right was at the location of the concrete structure and not somewhere else on the property. That Judgment was supported by substantial evidence. Judge Wood determined that delivery to the concrete structure would fully protect Zingiber's water rights and therefore the issue of whether Zingiber was entitled to carriage water did not need to be further addressed. Had the point of historical delivery been determined to be somewhere else within his property, then Zingiber's claim that it is entitled to carriage water might have merit. However, given the court's determination of the place of delivery from the point of diversion, which was supported by substantial evidence, Zingiber's claim to carriage water does not have merit. Zingiber does not have the right to have its water "ride" on LynClif's water. *Schodde v. Twin Falls Canal Co.*, 224 U.S. 107, 118, 32 S. Ct. 470, 472 (1912). His rights were protected by the district court.

This case does not change Idaho law on carriage water. As this Court stated in *State v. Twin Falls Canal Co.*:

> It is a well-recognized fact that, in order to properly irrigate land, the irrigator must have a proper stream or head of water, and the question arises as to how much water is necessary to furnish a sufficient head or stream for that purpose . . . . Much of the land in the Snake river valley is of the character or kind that, unless you have a sufficient head of water to rush it over the land, the sandy and gravelly soil will absorb all of it and not permit it to pass on over the land.

11

> Hence, to successfully irrigate land, a sufficient head of water is required to flow entirely over the land.

21 Idaho 410, 437, 121 P. 1039, 1048 (1911). This case is decided on its unique facts and conduct of the parties. If this case is misused without proper attention to its detail it could have significant unforeseen circumstances. If Idaho citizens think it is a good idea to just pipe around other common ditch users' properties, the cooperation which makes the desert bloom will be compromised.

**C.     The District Court's Determination that Zingiber Lacked Standing Against the District in Case No. CV 2008-157 is now Moot.**

The Declaratory Judgment Act authorizes courts to "declare rights, status, and other legal relations, whether or not further relief is or could be claimed." I.C. § 10-1201; *see also Schneider v. Howe*, 142 Idaho 767, 772, 133 P.3d 1232, 1237 (2006) ("The Declaratory Judgment Act provides authority for the courts to render declaratory judgments."). However, even if the court has the authority to issue a declaratory judgment, the plaintiff is also required to show he has standing. "[T]o invoke the trial court's jurisdiction in a declaratory judgment action, the plaintiffs must allege a 'personal stake' in the outcome of the controversy, which 'has come to be understood to require not only a 'distinct palpable injury' to the plaintiff, but also a 'fairly traceable' causal connection between the claimed injury and the challenged conduct.'" *Idaho Branch Inc. of Associated Gen. Contractors of Am., Inc. v. Nampa Highway Dist. No. 1*, 123 Idaho 237, 242, 846 P.2d 239, 244 (1993). The district court held that Zingiber did not have standing against the District. Zingiber argues that it did have standing because the issuance of the permit by the District to locate the pipe in the Justice Grade right-of-way caused injury to Zingiber's rights in the ditch and that injury is redressable by voiding the permit.

The Court need not consider the merits of this argument because the issue is now moot. "When conduct sought to be redressed by either declaratory or injunctive relief is peculiar to a particular event that has already occurred, the finality of the event in a manner incapable of repetition moots the controversy." 22A Am. Jur. 2d *Declaratory Judgments* § 36 (2003); *see also Euclid Ave. Trust v. City of Boise*, 146 Idaho 306, 310, 193 P.3d 853, 857 (2008) ("A case is moot if it presents no justiciable controversy and a judicial determination will have no practical effect upon the outcome." (citation omitted)). "Mootness . . . applies when a favorable judicial decision would not result in any relief. This Court may only review cases in which a judicial determination will have a practical effect on the outcome." *Fenn v. Noah,* 142 Idaho 775, 779,

12

133 P.3d 1240, 1244 (2006). The permit issued by the District authorized LynClif to construct a pipe. That pipe has already been constructed. Voiding the permit would not provide Zingiber the relief it requests. This is a declaratory judgment action, not an action for damages, and thus Zingiber can make no argument for damages in regard to this proceeding. Therefore, the issue of standing is now moot and this Court does not address it.

**D.** **Attorney Fees Were Properly Awarded to the District and LynClif in Case CV-2008-57, Properly Denied to LynClif in Case CV-2008-125, And Are Awarded to the District and LynClif on Appeal.**

Zingiber argues that the award of attorney fees to the District and LynClif in Case CV-2008-57 pursuant to I.C. § 12-117 and I.C. § 12-121, respectively, was improper. The court found that Zingiber had not "advanced a reasonable legal basis to support standing" and that its position was thus without a foundation in the law. LynClif argues that the denial of its request for attorney fees and costs under I.C. § 12-121 in Case CV 2008-125 was improper.

Attorney fees may be awarded to a prevailing party under I.C. § 12-117 in an action where a state agency is a party if the court finds "that the nonprevailing party acted without a reasonable basis in fact or law." I.C. § 12-117(1). An award of attorney fees under I.C. § 12-117 is reviewed freely. *Crown Point Dev., Inc. v. City of Sun Valley*, 144 Idaho 72, 78, 156 P.3d 573, 579 (2007). Attorney fees may be awarded to the prevailing party under I.C. § 12-121 "when the court, in its discretion, is left with the abiding belief that the case was brought, pursued, or defended frivolously, unreasonably, or without foundation." *Michalk v. Michalk*, 148 Idaho 224, 235, 220 P.3d 580, 591 (2009). An award of attorney fees under I.C. § 12-121 is reviewed for an abuse of discretion. *Rae v. Bunce*, 145 Idaho 798, 805, 186 P.3d 654, 661 (2008). A court does not abuse its discretion so long as it "perceived the issue as one of discretion; acted within the outer boundaries of this discretion and consistent with applicable legal standards; and reached the decision by an exercise of reason." *Anderson v. Goodliffe*, 140 Idaho 446, 450, 95 P.3d 64, 68 (2004).

The Court holds that the district court properly awarded attorney fees to the District under I.C. § 12-117 in Case CV 2008-57. The District is a state agency. The District was clearly the prevailing party, as Zingiber's claims were dismissed with prejudice in a motion for summary judgment. Although we find the issue of standing moot, we nevertheless find that Zingiber's case was without a reasonable basis in the law. In order to have standing, a party must allege a "distinct palpable injury" and a "fairly traceable" causal connection between that injury and the

13

challenged conduct. *Idaho Branch, Inc. of the Associated Gen. Contractors of Am., Inc. v. Nampa Highway Dist. No. 1*, 123 Idaho 237, 242, 846 P.2d 239, 244 (1993). The District's grant of a construction permit to build a pipeline on the District's right-of-way did not cause any of Zingiber's alleged injuries. As Judge Melanson held, "Zingiber's remedies, if any, are between Zingiber and LynClif." We thus find that the district court was correct in awarding fees to the District.

This Court also holds that the district court did not abuse its discretion in awarding attorney fees to LynClif under I.C. § 12-121 in Case CV 2008-57. For the purpose of deciding whether attorney fees are to be awarded against a party, adversity of parties is not to be determined by a formalistic view of pleadings, but is to be determined in a functional sense by examining the practical effect of the positions taken by the parties. *Bonaparte v. Neff*, 116 Idaho 60, 68, 773 P.2d 1147, 1155 (1989). Thus the district court properly determined that as to Zingiber and LynClif in Case CV 2008-57, LynClif, as an intervenor, was the prevailing party because, as the district court stated, "LynClif had a direct interest in the outcome of the dispute" and "LynClif fully participated in the case, answered Zingiber's complaint for declaratory relief, and supported [the] motion to dismiss and motion for summary judgment." Using the same rationale as it did in awarding the District attorney fees in the same case, the district court properly determined that Zingiber's position was without a basis in the law. Therefore, the district court did not abuse its discretion and this Court affirms the grant of attorney fees to LynClif in Case CV 2008-57.

This Court holds that the district court did not abuse its discretion in declining to award LynClif attorney fees in Case CV 2008-125. LynClif argues that it should have been awarded attorney fees and discretionary costs under I.C. § 12-121. Under I.A.R. 15, a respondent must file a cross-appeal if "affirmative relief is sought by way of reversal, vacation or modification of the judgment or order." I.A.R. 15(1). LynClif properly filed a cross-appeal. The district court did not abuse its discretion in declining to award LynClif attorney fees and discretionary costs. As required, the court correctly recognized the issue as one of discretion, stating that it "may award" fees, and it acted within the applicable legal standards by considering the factors in I.R.C.P. 54(e), the language of I.C. § 12-121, and the applicable case law. It exercised reason in declining to award fees when it stated that the legal issues inherent in the interpretation of I.C. § 42-1207 were "fairly complicated," indicating that neither side could be sure of its claim. While

14

this Court may disagree with the district court's perception of the issues, it was not an abuse of discretion for the court to determine that Zingiber's defense of the action was not completely frivolous or without merit. Thus, the district court's denial of fees to LynClif is affirmed.

LynClif claims attorney fees on appeal under I.C. § 12-121 and I.A.R. 41. Zingiber and the District claim attorney fees on appeal under I.C. § 12-117, I.C. § 12-121, I.R.C.P. 54 and I.A.R. 41. Zingiber is not the prevailing party and thus no fees are awarded to it. "Attorney fees can be awarded on appeal under [§ 12-121] only if the appeal was brought or defended frivolously, unreasonably, or without foundation." *Downey v. Vavold,* 144 Idaho 592, 596, 166 P.3d 382, 386 (2007). Zingiber cannot show any violation of its rights, and therefore its arguments under I.C. § 42-1207 are without a foundation in the law. Thus this Court awards attorney fees on appeal to the District and LynClif under I.C. § 12-121.

## VI. CONCLUSION

This Court affirms the final judgments granted by the district courts in Case CV 2008-57 and Case CV 2008-125. The district court properly interpreted I.C. § 42-1207 to allow LynClif to unilaterally pipe the ditch in either its original location or along the Justice Grade right-of-way. Zingiber's water rights were fully protected. The issue of standing in Case CV 2008-57 is now moot because the pipe has been constructed. The Court affirms the district court's grant of attorney fees in Case CV 2008-57 and the denial of attorney fees to LynClif in Case CV 2008-125. The Court awards attorney fees and costs to both LynClif and the District on appeal.

Justices BURDICK, J. JONES, HORTON and Justice *pro tem* KIDWELL CONCUR.

15