IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 37965

| | | |
|---|---|---|
| CITY OF OSBURN, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, April 2012 Term |
| | ) | |
| v. | ) | 2012 Opinion No. 72 |
| | ) | |
| DAVID C. RANDEL and PAMELA L. | ) | Filed: April 26, 2012 |
| RANDEL, husband and wife, | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| Defendants-Appellants. | ) | |
| _____ | ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Shoshone County. Hon. Fred M. Gibler, District Judge.

The decision of the district court is affirmed.

Madsen Law Office, P.C., Coeur d'Alene, for appellants. Henry D. Madsen argued.

Ramsden & Lyons, LLP, Coeur d'Alene, for respondent. Christopher D. Gabbert argued.

_____

J. JONES, Justice.

David and Pamela Randel appeal the denial of their request for attorney fees under I.C. § 12-117, following the dismissal of a zoning enforcement action brought against them by the City of Osburn (City). The district court found the Randels to be the prevailing party but held they were not entitled to a fee award because the City had not pursued the action frivolously or without foundation. The Randels appeal to this Court and we affirm.

## I.
## BACKGROUND

On August 14, 2007, the City's attorney wrote to the Randels to notify them they were in violation of City zoning ordinances. The City took issue with "two (2) storage sheds on the lot that [the Randels] own east of [their] home which is situated at 1263 East Larch, Osburn, Idaho." The City noted that the Randels' home was on "Lot 15 of Block 6, Dunkle's Third Addition," and their

"storage sheds are located on Lot 16 (a portion thereof, which [the Randels] own) of Block 6, Dunkle's Third Addition." According to the City, its zoning ordinances "do not allow for accessory uses, such as the storage sheds, without a primary building or residence also being constructed on the same lot." The City demanded the Randels remove the sheds within two weeks of receiving the letter or the City would file a "criminal and/or civil action against [the Randels] to compel [the sheds'] removal."

The Randels promptly responded in a letter, that, "[y]es, [they] did add two (2) temporary storage buildings to the side yard of [their] property at 1263 East Larch Avenue, Osburn, ID." But, the Randels explained: they understood their property to be a single parcel; they purchased the property as a single parcel; and the recorded deed to the property evidenced a single parcel.

The City then filed this action, seeking to compel the Randels to remove the sheds. The City moved for summary judgment, supporting its motion with the affidavit of Nila Jurkovich, the City Clerk. The Randels opposed the City's motion with several affidavits, including those of the Randels themselves, a land surveyor, and the Shoshone County Assessor. Neither the City nor the Randels submitted briefs in support of their positions. The district court denied the City's motion because it determined there was a genuine issue of material fact. At a status conference several months later, the City moved to dismiss its action, and the court dismissed with prejudice. The Randels moved for costs and attorney fees under I.C. §§ 12-117, 12-120, 12-121, which the court denied. After the Randels' motion for reconsideration, however, the court granted costs but still denied fees. In their motion for reconsideration, the Randels focused their argument for fees on I.C. § 12-117 and a private attorney general theory. With respect to the Randels' Section 12-117 argument, the court determined they were the prevailing party, but concluded that the City did not pursue the action "frivolously or without foundation." The court therefore denied the Randels' fee request.[1] The Randels timely appealed from that decision.[2]

---

[1] As for the Randels' private attorney general theory, the district court concluded the Randels failed to prove this litigation benefited the public, and the court therefore denied fees on that basis. The private attorney general issue is not important to this Court's analysis, however, because the Randels do not pursue that theory here. Moreover, "I.C. § 12-117 is the exclusive means for awarding attorney fees for the entities to which it applies." *Potlatch Educ. Ass'n v. Potlatch Sch. Dist. No. 285*, 148 Idaho 630, 635, 226 P.3d 1277, 1282 (2010).

[2] The district court entered a judgment dismissing the case on March 16, 2011 *nunc pro tunc* June 29, 2010.

## II.
## ISSUES ON APPEAL

I.      Were the Randels entitled to fees in district court?

II.     Is either party entitled to fees on appeal?

## III.
## STANDARD OF REVIEW

This Court has considered and applied several different standards of review when considering appeals from a district court's decisions applying I.C. § 12-117. *See Rincover v. State, Dep't of Fin.,* 132 Idaho 547, 548–49, 976 P.2d 473, 474–75 (1999) (explaining that the Court has variously applied an abuse of discretion standard, a clearly erroneous standard, and a *de novo* standard in I.C. § 12-117 cases). In *Rincover*, the Court settled on the *de novo* or free review standard. *Id.* at 549, 976 P.2d at 475. We subsequently applied the free review standard in the cases where we considered the district courts' application of I.C. § 12-117.

However, in *Halvorson v. N. Latah Cnty. Highway Dist.*, 151 Idaho 196, 254 P.3d 497 (2011), we took a different tack. There, we reviewed the district court's fee award for abuse of discretion. *Id.* at 208, 254 P.3d at 509. That approach is preferable to a *de novo* review because: (1) the Legislature specifically provided that the court shall award Section 12-117 attorney fees "if it finds" the nonprevailing party acted without reasonable basis in fact or law, indicating the determinative finding was to be made by the trial court; and (2) Section 12-117 speaks in terms of the "reasonableness" of the losing party's actions, which implies a measure of objectivity, and which is properly left to the district court's reasoned judgment. We review decisions applying other attorney statutes for an abuse of discretion, *see, e.g.*, *Taylor v. McNichols*, 149 Idaho 826, 848, 243 P.3d 642, 664 (2010) (reviewing an award under I.C. § 12-121), and we now make clear that I.C. § 12-117 is subject to the same standard. Our prior holdings to the contrary in *Rincover* and its progeny are hereby overruled in this respect.[3] We therefore review the district court's decision denying the Randels' fee request for an abuse of discretion.

---

[3] These cases include: *Payette River Prop. Owners Ass'n v. Bd. of Comm'rs of Valley Cnty.*, 132 Idaho 551, 558, 976 P.2d 477, 484 (1999); *Treasure Valley Concrete, Inc. v. State*, 132 Idaho 673, 678, 978 P.2d 233, 238 (1999); *State, Dep't of Fin. v. Res. Serv. Co., Inc.*, 134 Idaho 282, 283, 1 P.3d 783, 784 (2000); *Stacey v. Dep't of Labor*, 134 Idaho 727, 731, 9 P.3d 530, 534 (2000); *Rogers v. Gooding Pub. Joint Sch. Dist. No. 231*, 135 Idaho 480, 483, 20 P.3d 16, 19 (2001); *Farrell v. Bd. of Comm'rs, Lemhi Cnty.*, 138 Idaho 378, 383, 64 P.3d 304, 309 (2002); *Eacret v. Bonner Cnty.*, 139 Idaho 780, 788, 86 P.3d 494, 502 (2004); *Reardon v. Magic Valley Sand & Gravel, Inc.*, 140 Idaho 115, 118, 90 P.3d 340, 343 (2004); *In re Estate of Elliott*, 141 Idaho 177, 183, 108 P.3d 324, 330 (2005); *Ater v. Idaho Bureau of Occupational Licenses*, 144 Idaho 281, 286, 160 P.3d 438, 443 (2007); *Ralph Naylor Farms,*

# IV.
## THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION WHEN IT DENIED THE RANDELS' FEE REQUEST UNDER I.C. § 12-117.

Idaho Code § 12-117 provides:

[I]n any . . . civil judicial proceeding involving as adverse parties a . . . political subdivision and a person, the . . . court . . . shall award the prevailing party reasonable attorney's fees, witness fees, and other reasonable expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law.

I.C. § 12-117(1). For purposes of this statute, a city is a "political subdivision." I.C. § 12-117(4)(a).

It is important to highlight I.C. § 12-117's requirement that a losing party must act "without a reasonable basis in fact or law" before fees can be awarded. *See Lake CDA Investments LLC v. Idaho Dep't of Lands*, 149 Idaho 274, 284, 233 P.3d 721, 731 (2010) (explaining the requirement that a losing party act unreasonably in the litigation before I.C. § 12-117 applies). Furthermore, this Court interpreted I.C. § 12-117 to *require* a fee award where a government entity acts without a reasonable factual or legal basis. *Rincover*, 132 Idaho at 549, 976 P.2d at 475. In *Rincover*, the Court focused on the mandatory nature of the statute's language: "the court *shall* award fees." *Id.* (emphasis in original).

The Randels were the prevailing party so, if the City brought this action unreasonably, the Randels are entitled to fees. The City alleged that the Randels unlawfully added the sheds to a lot that was separate from the lot where the Randels' house was located. According to the City, "[t]he [City's] zoning ordinances do not allow for accessory uses, such as the storage sheds, without a primary building or residence also being constructed on the same lot." In support of its summary judgment motion, the City relied on Nila Jurkovich's affidavit, which asserted that the Randels' house was built on one platted lot, while the sheds were built on an adjacent platted lot. According to the uncontroverted affidavits of the Randels and the Shoshone County Assessor: the Randels' property was a single parcel composed of several lots and portions of lots; the Randels were granted their property via a single deed; and the Randels' property is assessed for tax purposes as a single parcel. The record suggests that the City had previously taken the position that the Randels

---

*LLC v. Latah Cnty.*, 144 Idaho 806, 808, 172 P.3d 1081, 1083 (2007); *Gardiner v. Boundary County Bd. of Com'rs*, 148 Idaho 764, 769, 229 P.3d 369, 374 (2010); *Zingiber Inv., LLC v. Hagerman Highway Dist.*, 150 Idaho 675, 686, 249 P.3d 868, 879 (2011).

would have to subdivide their property if they wished to sell it in portions.

The Randels contend the City pursued the litigation frivolously because its claim was based on an unreasonable reading of the City's zoning ordinance. A fee award is appropriate under Section 12-117 where a political subdivision "ignore[s] the plain and unambiguous language of a statute or ordinance." *Gardiner v. Boundary County Bd. of Comm'rs*, 148 Idaho 764, 769, 229 P.3d 369, 774 (2010). On the other hand, the City cites *Rincover* for the proposition that a governmental agency does not act without a reasonable basis in fact or law when its interpretation of a statute that has not been previously construed by the courts is incorrect, but not unreasonable. 132 Idaho at 550, 976 P.2d at 476.

The question, then, is whether the City unreasonably construed the language of the zoning ordinance. The pertinent language of the ordinance reads:

> "Lot" means the parcel of land on which a principal use or building and its accessory buildings are placed, together with the required open spaces. For the purposes of determining the location of required yards, a lot shall be considered to be as shown on the official recorded plat of the property.

This language and the surrounding circumstances lend support to both parties' interpretation of the meaning of "lot."

One can read the definition, as the Randels do, to mean that a parcel previously recognized by the City, even though it contains parts of two or more lots, may be considered a single lot. This is so because the language defining a lot is not entirely clear, the City's Building Inspector apparently advised the Randels that they would not violate the zoning ordinance by placing the buildings on Lot 16, the City apparently made no objection to the combining of the portions of the two lots, the property was assessed for tax purposes as a single parcel, and the City had apparently taken the position that the Randels would have to subdivide their parcel if they wished to sell portions of it. On the other hand, the City's interpretation is also reasonable, because the definition refers to the recorded plat and there is nothing on the plat to indicate that a lot is equivalent to a parcel that may contain parts of more than one lot. And, just because the definition includes the word "parcel," that does not necessarily mean a parcel extends beyond the boundaries of a platted lot. To remove any ambiguity, the ordinance definition might have simply stated that a "lot" means "a parcel of land as shown on the official recorded plat of the property." Nevertheless, the City's interpretation of the definition was certainly not unreasonable. The district court did not specifically address the interpretation of the ordinance in concluding that Section 12-117 fees were

5

not appropriate, but the court did adequately analyze the fee issue.

The district court did not abuse its discretion in this case. The court recognized that I.C. § 12-117 requires a losing party to have acted frivolously or without foundation before fees may be awarded. The court discussed that, having considered the parties' arguments and the issues raised, it "remain[ed] convinced that the action was not brought frivolously or without foundation." That conclusion is eminently reasonable, especially since the City moved to dismiss the action when it failed to prevail on its motion for summary judgment. The court was presented with relatively little information about the merits of the action, and the arguments it did consider were fairly characterized as non-frivolous. The court acted within the bounds of its discretion and reached its decision through an exercise of reason. It, therefore, did not abuse its discretion when it denied the Randels' fee request.

## V.
## NEITHER PARTY IS ENTITLED TO FEES ON APPEAL

Both parties request fees on appeal under I.C. § 12-117. The Randels alternatively seek fees on appeal under I.C. § 12-121. Section 12-117 authorizes fees to the prevailing party on appeal. *Daw v. Schools Dist. 91 Bd. of Trustees*, 136 Idaho 806, 808, 41 P.3d 234, 236 (2001). The Court employs a two-part test for I.C. § 12-117 on appeal: the party seeking fees must be the prevailing party and the losing party must have acted without a reasonable basis in fact or law. *Id.* Here, the City is the prevailing party, but the Randels did not pursue this appeal without a reasonable basis in fact or law. So, neither party is entitled to fees on appeal under I.C. § 12-117. Furthermore, "I.C. § 12-117 is the exclusive means for awarding attorney fees for the entities to which it applies." *Potlatch Educ. Ass'n*, 148 Idaho at 635, 226 P.3d at 1282. Thus, even if the Randels prevailed, they would not be entitled to fees under I.C. § 12-121.

## VI.
## CONCLUSION

We affirm the district court's order denying the Randels attorney fee request, and we deny fees on appeal. Each party shall bear its own costs on appeal.


Chief Justice BURDICK, and Justices EISMANN, W. JONES and HORTON CONCUR.