# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 44095

HAUSER LAKE ROD AND GUN CLUB, )
INC., an Idaho non-profit corporation, )
                      )
      **Petitioner-Appellant,** )
                      )
**v.** )
                      )
THE CITY OF HAUSER, an Idaho municipal )
corporation, )
                      )
      **Respondent on Appeal,** )
and )
                      )
KOOTENAI COUNTY, a political )
subdivision of the State of Idaho, )
                      )
      **Respondent.** )
                      )

Wallace, April 2017 Term

2017 Opinion No. 61

Filed: June 9, 2017

Stephen W. Kenyon, Clerk

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

District court order denying attorney fees to prevailing party, <u>reversed.</u>

James, Vernon & Weeks, PA, Coeur d'Alene, for appellant. Susan P. Weeks argued.

William Mark Appleton, Coeur d'Alene, for respondent.

---

BURDICK, Chief Justice.

This appeal from Kootenai County concerns attorney fees under Idaho Code section 12-117. The district court held that Hauser Lake Rod and Gun Club, Inc. was not entitled to attorney fees under section 12-117 because, even though it had prevailed against the City of Hauser in a code violation dispute, the administrative tribunal that reviewed the dispute was staffed with both County and City officials. According to the district court, section 12-117's definition of "political subdivision" does not include administrative review tribunals staffed with officials from multiple governmental entities. We reverse.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

The district court summarized the relevant facts giving rise to this "procedural nightmare for all involved" as follows:

> In February 2012, Plaintiff, Hauser Lake Rod and Gun Club (hereinafter "the Club"), inquired with Kootenai County (hereinafter "the County") about obtaining a building permit to construct an accessory storage building on [its] property. Plaintiff was referred to the City of Hauser Lake (hereinafter "the City") to proceed with [its] request because the Club's property was within the City's area of impact,[1] and the type of permit sought was a Class II building permit. The Club submitted a Class II permit request to the City in early 2012. On March 27, 2012 a public hearing was held on this Class II application. After the hearing, the City informed the Club that the City would not issue a decision on the application. Rather, the City and County agreed that the Club's application required different administrative procedures.
>
> On June 8, 2012, the City, [sic] delivered a notice of violation of Hauser Code to the Club for "operating outside of the historical hours of operation." The Club was told it had several options. It could change its hours, thus continuing to operate only during the historical hours of operation; alternatively, it could apply for a City of Hauser Class II permit for commercial use, or it could appeal the alleged code violation issued by the City of Hauser Code Administrator to the Joint Planning and Zoning Commission ("the Joint Commission["]). The Joint Commission is made up of both City and County officials and residents.
>
> The Club chose the third option and appealed the alleged code violation to the Joint Commission, denying that it had ever violated the code. In its December 11, 2012, Findings of Facts and Conclusion the Joint Commission upheld the violation determination by the City Code Administrator. The Club appealed to the [Kootenai County Joint Board of Commissioners ("the Joint Board")] on January 8, 2013.
>
> The Joint Board is comprised of the Kootenai County Board of Commissioners and two City of Hauser City Council Members, one of which may be the mayor. The Joint Board was created by Kootenai County to hear appeals of the Joint Commission's decisions. The City officials on the Joint Board do not have authority to make motions or vote, but serve only in an advisory capacity. The City officials may question witnesses testifying and may confer and deliberate with the County Commissioners prior to the final decision being issued. While the Joint Board's voting members are also Kootenai County Commissioners, the Joint Board has been established as a separate and distinct entity from the County Commissioners.

---

[1] Although the Club is located within the City's area of impact, it is not located within City limits and therefore is a non-resident of the City.

In August 2013, the Joint Board reversed the Joint Commission.[2] The Joint Board held that the City lacked jurisdiction to issue a code violation to the Club because it was not a resident of the City. The Club requested attorney fees under Idaho Code section 12-117. The Joint Board made no findings concerning whether section 12-117 was applicable, declaring instead that it "was not inclined to award attorney fees as requested by [the Club]." The Club moved for reconsideration of the attorney fees ruling. The Joint Board never ruled on the motion.

In September 2013, the Club appealed the Joint Board's attorney fees ruling to the district court. As is relevant here, the district court concluded the Joint Board had erred by making no findings concerning attorney fees and remanded the case with instructions to determine whether the Club was entitled to attorney fees.[3] The Club moved for reconsideration of that order, questioning "the finality of the judgment and the premature issuance of the remittitur before the time for appeal had [run], and seeking clarification if the decision was intended to be final," but the district court never ruled on the motion.

On remand, the Joint Board found that the Club had prevailed but declined to award attorney fees under section 12-117. Even though the City lacked jurisdiction to enforce its code on the Club since it was not a resident of the City, the Joint Board found that the City had acted with a reasonable basis in fact or law. Again, the Club appealed the Joint Board's attorney fees ruling to the district court. The primary issue raised was whether the Joint Board abused its discretion in denying the Club's attorney fee request by concluding the City had acted with a reasonable basis in fact or law. The district court consolidated the Club's two appeals, noting the Club's outstanding motion for reconsideration and that the issues in both appeals were substantively the same. Although the district court affirmed that attorney fees were improper, the district court did not reach whether the City had acted with a reasonable basis in fact or law. Instead, the district court held that section 12-117 did not authorize attorney fees against the City

---

[2] The Club appealed to the Joint Board in January 2013, but several "months passed with no appeal hearing scheduled." So the Club filed a declaratory judgment action (CV-13-4626) in June 2013, concerning "[1] whether the City could issue code enforcement violations against non-residents . . . [2] the City did not control Class I permits under the area of city impact ordinance . . . and [3] City's role with respect to Class II building permits within the area of city impact . . . ." The Club requested attorney fees in CV-13-4626. After the Club filed CV-13-4626, the Joint Board scheduled a hearing in the Club's appeal. The parties then settled CV-13-4626.

[3] In addition, the district court concluded assessing an award of attorney fees against the Joint Commission and the County would be improper. The Club does not dispute those rulings, conceding those "entities acted as review bodies . . . and were not the entities that issued the adverse action which was appealed."

because the Joint Board was not a "political subdivision" since it was staffed with both County and City officials.[4] The Club timely appealed to this Court.

## II.    ISSUES ON APPEAL

1. Did the district court erroneously interpret Idaho Code section 12-117 by concluding the Joint Board was not a "political subdivision?"

2. Should the district court be affirmed on the alternative basis that the Joint Board did not abuse its discretion in denying the Club's request for attorney fees?

3. Is the prevailing party entitled to attorney fees on appeal?

## III.    ANALYSIS

**A.    The district court erroneously interpreted Idaho Code section 12-117 by concluding the Joint Board was not a "political subdivision."**

We exercise free review over the interpretation of a statute because it is a question of law. *E.g.*, *Hayes v. City of Plummer*, 159 Idaho 168, 170, 357 P.3d 1276, 1278 (2015). This appeal concerns Idaho Code section 12-117, which provides:

> Unless otherwise provided by statute, in any proceeding involving as adverse parties a state agency or a political subdivision and a person, the state agency, political subdivision or the court hearing the proceeding, including on appeal, shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law.

I.C. § 12-117(1).

We start by recognizing that section 12-117(1) expressly indicates that it applies to "any proceeding" involving a state agency or political subdivision and a person as adverse parties. In the proceedings before the Joint Board, the City and the Club were adverse parties. The City is—by statutory definition—a "political subdivision." I.C. § 12-117(5)(b).[5] Likewise, the Club is defined by the statute as "a person." I.C. § 12-117(5)(a).[6] Thus, if the Joint Board constitutes a "state agency, political subdivision or the court[,]" it was charged with awarding attorney fees and other costs if the losing party acted without a reasonable basis in law or fact. In this case, the district court correctly focused on whether the Joint Board is a "political subdivision." The

---

[4] The district court reaffirmed its previous ruling that section 12-117 did not authorize fees against the Joint Commission, but that ruling is not challenged on appeal.

[5] Idaho Code section 12-117(5)(b) defines "political subdivision" as "*a city*, a county, any taxing district or a health district." (emphasis added).

[6] Idaho Code section 12-117(5)(a) defines "person" as "any individual, partnership, limited liability partnership, corporation, limited liability company, *association or any other private organization*." (emphasis added).

district court held that the Joint Board did not constitute a "political subdivision" because the Joint Board was staffed with both County and City officials.

We cannot agree with the district court's conclusion in this regard. The municipal and county ordinances creating the Joint Board unambiguously declare that the Kootenai County Board of Commissioners was the only entity that possessed the authority to decide the dispute between the City and the Club. The City's ordinance expressly provides that City officials serving on the Joint Board "shall not have the authority to make motions(s) [sic] or vote." Instead, "[t]he role of city elected officials is limited to an advisory capacity to the Board of County Commissioners." Kootenai County Ordinance No. 289 uses identical language to identify the respective roles of the County Commissioners and City officials. Thus, the decision of the Joint Board was, in fact, a decision of the Board of County Commissioners.

The decision of the Board of County Commissioners was the act of a political subdivision. The statutory definition of a political subdivision expressly includes counties. I.C. § 12-117(5)(b) (" 'political subdivision' means a city, a county, any taxing district or a health district[.]"). As with any corporate body, a county may only act through its human agents. Under Idaho law, those agents are the Board because a county's "powers can only be exercised by the board of county commissioners, or by agents and officers acting under their authority, or authority of law." I.C. § 31-602. For these reasons, the district court erred when it held that the Joint Board was not a political subdivision.

**B.  We decline to affirm the district court on an alternative basis because the Joint Board abused its discretion in denying the Club's request for attorney fees.**

The City urges us to affirm on the alternative basis that the Joint Board did not abuse its discretion when it denied the Club's request for attorney fees because, as the City maintains, it acted with a reasonable basis in fact or law when attempting to enforce its code outside City limits on the Club, a non-resident. While this issue was raised at length before the district court, it was not addressed in light of the district court's construction of section 12-117. Because the issue was raised, we will entertain the City's argument. *Peckham v. Idaho State Bd. of Dentistry*, 154 Idaho 846, 851, 303 P.3d 205, 210 (2013) ("When reviewing a district court's decision in a petition for judicial review under the Idaho Administrative Procedure Act, we examine the agency record independently, but ultimately decide whether the district court correctly ruled on the issues presented to it.").

As the City acknowledges, we "uphold the decision of a trial court if any alternative legal basis can be found to support it." *Syringa Networks, LLC v. Idaho Dep't of Admin.*, 159 Idaho 813, 827, 367 P.3d 208, 222 (2016) (quoting *Daleiden v. Jefferson Cnty. Joint Sch. Dist. No. 251*, 139 Idaho 466, 470–71, 80 P.3d 1067, 1071–72 (2003)). But we may set aside an agency's decision if it abused its discretion and prejudiced a party's substantial rights. I.C. § 67-5279(2)–(4). When reviewing for an abuse of discretion, we evaluate whether the agency: (1) correctly perceived the issue as discretionary; (2) acted within the outer boundaries of its discretion and consistently with relevant legal standards; and (3) reached its decision by an exercise of reason. *Clear Springs Foods, Inc. v. Spackman*, 150 Idaho 790, 813, 252 P.3d 71, 94 (2011).

We decline to affirm on this alternative basis. The Joint Board's conclusion that the City acted with a reasonable basis in fact or law when attempting to enforce its code outside City limits on the Club, a non-resident, signifies an abuse of discretion because it is inconsistent with relevant legal standards. Article XII, Section 2 of the Idaho Constitution provides that "[a]ny county or incorporated city or town may make and enforce, *within its limits*, all such local police, sanitary and other regulations as are not in conflict with its charter or with the general laws." (emphasis added). Thus, "[t]his Court has held that the power of cities and counties only exists within the sovereign boundaries of the cities and the counties respectively." *Blaha v. Bd. of Ada Cnty. Comm'rs*, 134 Idaho 770, 777, 9 P.3d 1236, 1243 (2000); *see also Hobbs v. Abrams*, 104 Idaho 205, 207–08, 657 P.2d 1073, 1075–76 (1983); *Boise City v. Blaser*, 98 Idaho 789, 790–91, 572 P.2d 892, 893–94 (1977). As we stated in *Reardon v. City of Burley*,

> Where an agency has no authority to take a particular action, it acts without a reasonable basis in fact or law. This Court recognized as far back as 1949 that a city's exercise of jurisdiction in an impact area lying beyond a city's limits is inconsistent with the constitutional limitations placed on a city's powers by Article XII, § 2 of the Idaho Constitution.

140 Idaho 115, 120, 90 P.3d 340, 345 (2004), *overruled on other grounds by City of Osburn v. Randel*, 152 Idaho 906, 277 P.3d 353 (2012) (internal citations omitted). As such, the Joint Board's conclusion that the City acted with a reasonable basis in fact or law is inconsistent with longstanding, axiomatic legal standards. This error, in turn, prejudiced the Club's substantial rights by embroiling the Club in administrative and legal proceedings that culminated in this appeal, all while requiring the Club to continuously expend resources to resolve a matter that never should have arisen in the first place.

The City offers two counter-arguments. First, the City asserts in passing that it did not act at all, and therefore, the "non-acting City could not have acted unreasonably." The City explains that it was the Joint Commission, not the City, that reviewed and affirmed the issuance of the code violation to the Club. That argument distorts the events that gave rise to this matter. It was clearly the City that initially issued the code violation to the Club, as the code violation was signed by the "City of Hauser Code Administrator" and provided contact information for the "City Clerk." Had the City never issued the code violation, the Joint Commission would have had nothing to review. Thus, we reject the City's first argument.

Second, the City argues it acted with a reasonable basis in fact or law, albeit erroneously, because its belief that it had authority to enforce its code outside City limits on the Club, a non-resident, was merely a good faith mistake. As the City notes, "a governmental agency does not act without a reasonable basis in fact or law when its interpretation of a statute that has not been previously construed by the courts is incorrect, but not unreasonable." *Randel*, 152 Idaho at 909, 277 P.3d at 356. According to the City, it relied on Ordinance No. 289 to conclude it had authority to enforce its code against the Club. Utilizing authority under Idaho Code section 67-6526, the County and the City enacted Ordinance No. 289. *See* Hauser City, Idaho, Ordinance No. 289 (Oct. 27, 1999). Ordinance No. 289 governs the relationship between the County and the City for planning and zoning matters within the area of city impact. *Id.* Ordinance No. 289 sets forth building permit application procedures and details the administrative review processes to which those applications are subject. *Id.* §§ 4–5.

The City elaborates that a court has never interpreted Ordinance No. 289, and as such, interpreting Ordinance No. 289 to give the City authority to enforce its code outside City limits on non-residents was not unreasonable. We are not persuaded. Ordinance No. 289 makes no reference to code enforcement by the City on non-residents. Sure, Ordinance No. 289 instructs that "[t]he City of Hauser Development Code and subsequent amendments thereto . . . shall apply to all Class II permits . . . to all proposals within the Area of City Impact." Hauser City, Idaho, Ordinance No. 289 § 4(B) (Oct. 27, 1999). But Ordinance No. 289 says nothing that could reasonably be construed as granting the City any authority to enforce its code outside City limits on non-residents. Even were that the case, Ordinance No. 289 would, on its face, conflict with fundamental principles allocating power between governmental entities and could not provide for reasonable reliance.

In sum, we decline to affirm the district court on an alternative basis. We find no reason to remand the case to the district court because the above demonstrates that the City acted with no reasonable basis in fact or law by attempting to enforce its code outside City limits on the Club, a non-resident. Accordingly, we grant the Club's request for attorney fees incurred at the administrative and district court levels under section 12-117.

**C.      The Club is entitled to attorney fees on appeal.**

Both the Club and the City seek attorney fees on appeal under section 12-117. However, only the Club is the prevailing party on appeal. As reasoned above, the City did not act with a reasonable basis in fact or law by attempting to enforce its code outside City limits on the Club, a non-resident. Because that action led to extensive administrative and legal proceedings and ultimately required the Club to bring this appeal, wherein the City made arguments that conflict with longstanding, axiomatic legal standards, we award the Club attorney fees on appeal under section 12-117.

## IV.      CONCLUSION

We reverse the district court and grant the Club's request for attorney fees incurred at the administrative and district court levels. We award the Club attorney fees and costs on appeal.

Justices EISMANN, JONES, HORTON and BRODY, **CONCUR.**